IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

WILLIE DVON SYKES,                                                                                    PLAINTIFF.

v.                         Civil No. 1:22-CV-01049-SOH-BAB

CAPTAIN RICHARD MITCHAM,
Union County Detention Center.
                                                                                                          DEFENDANT.

**REPORT AND RECOMMENDATION**

Plaintiff Willie Dvon Sykes, an inmate at the Union County Detention Center, El Dorado, Arkansas, filed the above-captioned civil rights action under 42 U.S.C. § 1983. (ECF No. 1). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

This Court previously granted Plaintiff's application to proceed *in forma pauperis* ("IFP Application"). (ECF No. 3). Plaintiff's complaint, *see* (ECF No. 1), and amended complaint, *see* (ECF No. 6), are now before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon that review and for the reasons outlined below, this Court recommends that Plaintiff's claim involving the grievance procedure and the claim against Defendant Mitcham in his official capacity be dismissed without prejudice

1

for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1).

## I.  BACKGROUND

In this case, Plaintiff's First Amended Complaint—which is now the operative pleading pursuant to Rule 15(a) of the Federal Rules of Civil Procedure[1]—alleges two claims for relief stemming from his confinement at the Union County Detention Center. (ECF No. 6).  First, Plaintiff alleges that Captain Mitcham answers all his grievances, even though he addresses them to Lieutenant Worley, in violation of his due process rights under the United States Constitution. *Id.*  Second, Plaintiff alleges that when he was in lockdown from July 10—August 2, he was served food in a cell with a toilet leaking raw sewage, in violation of the constitutional prohibition against cruel and unusual punishment.  *Id.*  Plaintiff contends that these conditions may have caused him to contract Hepatitis A, B, or C.  *Id.*  Plaintiff claims that he wrote a grievance to Captain Mitcham and maintenance worked on the toilet, but it continues to leak.  *Id.*  With respect to both claims, Plaintiff names Captain Mitcham as a defendant in both his individual and official capacities.  *Id.*  Plaintiff requests declaratory and injunctive relief, in addition to compensatory and punitive damages.  *Id.*

## II. LEGAL STANDARD

Under PLRA, the Court is obligated to review the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v.*

---

[1] Accordingly, the Court considers the First Amended Complaint as a standalone document, which supersedes—and does not supplement—the original complaint. *See In re Atlas Van Lines, Inc.,* 209 F.3d 1064, 1067 (8th Cir.200)

*Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pro se complaint, moreover, is to be given liberal construction, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, "they still must allege sufficient facts to support the claims advanced." *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

### III. LEGAL ANALYSIS

In a § 1983 action such as this one, the essential elements of the claim are "(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Vista*, 557 F.3d 564, 571 (8th Cir. 2009).

With respect to claim one, Plaintiff fails to allege a violation of a constitutionally protected federal right. Plaintiff alleges that he was denied due process because Captain Mitcham responded to all his grievances even though he addressed them to someone else. (ECF No. 6), p. 4. To prevail on a Fourteenth Amendment due process claim, a plaintiff must establish that he was "deprived of life, liberty or property by government action." *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Here, there are no allegations that Plaintiff was deprived of life or property. Plaintiff, moreover, cannot establish that Captain Mitcham's alleged conduct implicated a protected liberty interest because "the grievance process does not give rise to a liberty interest

3

requiring due process protections." *Walker v. Bertsch*, 745 F. App'x 664, 664 (8th Cir. 2018); *see also Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (concluding that defendants' denial of plaintiff's grievances did not state a substantive constitutional claim); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (no constitutional right was violated by defendants' failure to process plaintiff's grievances). Because Plaintiff fails to articulate a protected constitutional right, claim one fails as a matter of law.

Regarding claim two, Plaintiff alleges that when he was in lockdown for 22 days, he was "fed in Cell C-1 with a toilet leaking raw sewage." *See* (ECF No. 6), p. 5. Plaintiff contends that he wrote grievances to Captain Mitcham, and maintenance worked on the toilet, but it continued to leak sewage. *Id.* Plaintiff claims he may have contracted Hepatitis C, A, or B. *Id.*

Because Plaintiff is a pre-trial detainee, his conditions of confinement claim is governed by the Fourteenth Amendment under the standard set forth in *Bell v. Wolfish*, 441 U.S. 520 (1979). *See Stearns v. Inmate Services Corporation*, 957 F.3d 902, 906 (8th Cir. 2020). Pursuant to *Bell*, the relevant question "is whether [defendant's] policies or customs that caused the conditions of [plaintiff's] confinement were reasonably related to a legitimate goal or were excessive as to compared to that goal. If found to be arbitrary or excessive, it is permissible to infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees." *Id*. at 908-09 (citing *Bell*, 441 U.S. at 539). In this case, this Court finds that Plaintiff's conditions-of-confinement claim—that he was housed and fed in a cell with a toilet that continued to leak raw sewage for 22 days while he was in lockdown—is sufficiently pled to survive preservice screening.

That said, as to this claim, Plaintiff names Captain Mitcham as a defendant in both his

4

official and personal capacities. *See* (ECF No. 6), p. 5. An official capacity claim against a defendant, however, is the equivalent to a claim against the municipal entity who employs him, here, Union County, Arkansas. *See Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 800 (8th Cir. 1998). To sustain such a claim, a plaintiff must establish that the alleged constitutional violation resulted from "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 699 (8th Cir. 2016).

In this case, Plaintiff's "official capacity" claim against Defendant Captain Mitcham fails because he does not allege that Defendant Mitcham was acting pursuant to an unconstitutional policy when the alleged violation occurred. *See Hayes v. Faulkner County*, 388 F.3d 669, 674 (8th Cir. 2004) ("A policy is a deliberate choice to follow a course of action . . . made from among various alternatives by the official or official responsible for establishing final policy with respect to the subject matter in question."). Further, Plaintiff does not allege sufficient facts to establish that Defendant Mitcham was acting pursuant to custom—that is, that there was "a pattern of persistent and widespread unconstitutional practices which became so permanent and well settled as to have the effect and force of law." *Jane Doe A By and Through Jane Doe B v. Special School District of St. Louis County*, 901 F.2d 642, 646 (8th Cir. 1990). Finally, Plaintiff does not allege that the constitutional violation resulted from a failure to properly train. Accordingly, Plaintiff's "official capacity" claim as to Defendant Mitcham fails as a matter of law.

### IV. CONCLUSION

In sum, having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, this Court recommends that the following claims be **DISMISSED WITHOUT PREJUDICE** for failure to

state a claim pursuant to 28 U.S.C. § 1915A(b)(1): (1) Plaintiff's claim involving the Union County Detention Center grievance procedure; and (2) Plaintiff's "official capacity" "conditions-of-confinement" claim against Defendant Mitcham. It is further recommended that Plaintiff's remaining claim—the "conditions-of-confinement" claim against Defendant Mitcham in his individual capacity—survive preservice screening.

This Court will enter a separate order directing the United States Marshals Service to serve Defendant Mitcham with copies of the First Amended Complaint, *see* (ECF No. 6), and this Report and Recommendation, and directing Defendant Mitcham to file an Answer to the First Amended Complaint with respect to this surviving claim.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 29th day of September 2022.

/s/ *Barry A. Bryant*
　　　　　　　　　　　　　　　　　　　
　　　　　　　　　HON. BARRY A. BRYANT
　　　　　　　　　UNITED STATES MAGISTRATE JUDGE