IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

WILLIE DVON SYKES                                                                                              PLAINTIFF

v.                                            Civil No. 1:22-cv-01049

CAPTAIN RICHARD MITCHAM,
Union County Detention Center                                                                      DEFENDANT

## **ORDER**

Plaintiff Willie Dvon Sykes filed this 42 U.S.C. § 1983 action *pro se* on August 17, 2022. (ECF No. 1). Plaintiff was granted Leave to Proceed *in forma pauperis* (IFP) on the same day. (ECF No. 3). Before the Court is Plaintiff's failure to comply with orders of the Court.

In the Court's order granting Plaintiff's IFP application, the Court also ordered Plaintiff to inform the Court of any change in his address within thirty days of any such change. (ECF No. 3). On December 13, 2022, this Court mailed Plaintiff a copy of its Order adopting the Honorable Barry A. Bryant's Report and Recommendation to Plaintiff's last known address. (ECF No. 15). On January 10, 2023, this Order was returned as undeliverable and marked "return to sender, no longer here." (ECF No. 16). On January 20, 2023, the Court ordered Plaintiff to show cause why this matter should not be dismissed for failure to prosecute because Plaintiff failed to update the Court with his current contact information as ordered by the Court. (ECF No. 19). The Court ordered Plaintiff to respond by February 10, 2023. (ECF No. 19). On February 2, 2023, the Court's show cause order was returned as undeliverable. (ECF No. 20). Plaintiff's deadline to respond has now passed, and Plaintiff has failed to respond or communicate with this Court since filing the Amended Complaint on September 1, 2022.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.

1984).  The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple Court Orders.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.  Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** and Defendant's Motion to Dismiss (ECF No. 21) is **DENIED as MOOT**.

**IT IS SO ORDERED**, this 16th day of February 2023.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge